UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD THOMPSON and
RONALD JORDAN,

       Plaintiffs,

v.

Case No. 2:04-cv-204
HON. ROBERT HOLMES BELL

PATRICIA CARUSO,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff prisoners Richard Thompson and Ronald Jordan filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendant Patricia Caruso challenging the opening of legal mail outside their presence. The Sixth Circuit has ruled that "Plaintiffs' clearly established constitutional rights were violated when their legal mail was opened and inspected outside their presence on December 12, 2003."

Plaintiffs filed a motion for a preliminary injunction alleging that on March 28, 2005, a prison guard at Marquette Branch Prison confiscated plaintiff Jordan's entire file in this action and issued a misconduct report. Plaintiffs maintain they have suffered irreparable injury and claim that they can no longer prove their claims. Plaintiffs request that the court enjoin defendant from retaliating against plaintiffs and to return documentary evidence to plaintiffs.

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

>   1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
>   2. Whether the movant has shown irreparable injury.
>
>   3. Whether the preliminary injunction could harm third parties.
>
>   4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiffs' "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). Plaintiffs may ultimately succeed on the merits of their complaint. However, plaintiffs have sued Michigan Department of Corrections Director Patricia Caruso. Plaintiffs have not asserted that defendant Caruso confiscated plaintiff Jordan's documents or took any action in retaliation against plaintiffs. Plaintiffs have asserted that an "officer" took "evidence." Plaintiffs have provided the court with

no other information. The grievance form provided by plaintiffs indicate that defendant was not involved in the confiscation of documents and the response indicates that confiscated documents were "properly documented." Plaintiffs have failed to provide the court with sufficient information to determine whether the confiscated documents are truly "evidence" which could be used in this case. Further, the request for an order to prevent further retaliation is not appropriate. Defendant already has an obligation under the law not to retaliate. Furthermore, plaintiffs have failed to establish that they will suffer irreparable harm absent injunctive relief.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

Because plaintiffs have failed to meet the heavy burden establishing the need for injunctive relief, I recommend that plaintiffs' motion for a preliminary injunction (Docket #23) be denied. It is further recommended that plaintiffs' motion to schedule a hearing (Docket #74) be denied.

*NOTICE TO PARTIES*: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal of those issues or claims addressed or resolved as a result of the Report and Recommendation.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

        /s/ Timothy P. Greeley
        TIMOTHY P. GREELEY
        UNITED STATES MAGISTRATE JUDGE

Dated:   December 5, 2006