UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD THOMPSON, and
RONALD JORDAN,

       Plaintiffs,

v.                                            Case No. 2:04-cv-204
                                                  HON. ROBERT HOLMES BELL

PATRICIA L. CARUSO,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiffs Richard Thompson and Ronald Jordan filed this prisoner 42 U.S.C. § 1983 action against Patricia Caruso, Director of the Michigan Department of Corrections . Plaintiffs allege that their First Amendment rights were violated when their legal mail was opened outside their presence. In reversing summary judgment, the Sixth Circuit stated that "Plaintiffs' clearly established constitutional rights were violated when their legal mail was opened and inspected outside their presence on December 14, 2003."

Defendant now moves for summary judgment arguing that plaintiffs cannot recover damages for this clear violation of the constitution because they did not have physical injury and are only asserting claims for mental and emotional injuries.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party

opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendant claims that 42 U.S.C. § 1997(e) bars plaintiffs' claim for damages for mental and emotional harm because plaintiffs have not suffered an attendant physical injury. 42 U.S.C. § 1997e(e) is not applicable to First Amendment claims. *Cannell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998). In the opinion of the undersigned, 42 U.S.C. § 1997(e) does not apply to violations of the First Amendment.

Plaintiffs have filed a motion to exclude at trial their criminal histories in the event that defendant would like to use that information for impeachment purposes. This is an issue best resolved by the trial judge. Plaintiff Ronald Thompson moves for an advisory opinion as to whether

he will be entitled to recover the costs of transportation to trial. The undersigned declines to rule on this request as it is not ripe for decision.

Accordingly, it is recommended that defendant's motion for summary judgment (Docket #203) be denied, plaintiffs' motion for an order to exclude prior convictions (Docket #152) be reserved to the District Judge, and plaintiff Ronald Thompson's motion for an advisory opinion (Docket #216) be reserved to the District Judge.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: January 10, 2008