UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD THOMPSON and
RONALD JORDAN,

        Plaintiffs,

                              File No. 2:04-CV-204

v.

                              HON. ROBERT HOLMES BELL

PATRICIA CARUSO,

        Defendant.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AS MODIFIED**

On January 10, 2008, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation recommending that Defendant Patricia Caruso's motion for summary judgment be denied because 42 U.S.C. § 1997e(e) does not apply to violations of the First Amendment. (Dkt. No. 223.) The report and recommendation was duly served on the parties. Defendant filed objections to the report and recommendation on January 11, 2008.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure this Court has made a de novo review upon the record of those portions of the magistrate's disposition to which specific written objection has been made.

Defendant objects to the Magistrate Judge's recommendation that her motion for summary judgment be denied because she contends that the Magistrate Judge's

determination that § 1997e(e) does not apply to violations of the First Amendment is against the great weight of authority.

Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). This Court has previously followed the Ninth Circuit's determination that "1997e(e) does not apply to First Amendment Claims . . . ." *Percival v. Rowley*, No. 1:02-CV-363, 2005 WL 2572034, at *2 (W.D. Mich. Oct 12, 2005) (Enslen, S.J.) (quoting *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998)). In *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), the Fifth Circuit joined the majority of federal circuits in holding that § 1997e(e) "applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Id.* at 375 (citing cases from the Second, Third, Eighth, Tenth and D.C. Circuits). The Seventh Circuit has also held that "§ 1997e(e) applies only to claims for mental or emotional injury," and that "[a] prisoner is entitled to judicial relief for a violation of his First Amendment rights aside from any physical, mental, or emotional injury he may have sustained." *Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999). The Ninth Circuit stands alone in holding that § 1997e(e) does not apply to First amendment cases. *Canell*, 143 F.3d at 1213. Although the Sixth Circuit has not yet published any case law on this issue, upon reconsideration the Court concludes that the Sixth Circuit is likely to follow the

majority of circuits in holding that § 1997e(e) applies to all prisoner claims, including First Amendment claims.

Defendant, citing *Davis v. District of Columbia*, 158 F.3d 1342, 1348-49 (D.C. Cir. 1998), and *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001), contends that based upon the application of § 1997e(e), Plaintiffs' entire action should be dismissed.

The Court disagrees with Defendant's underlying assumption that "the only possible injuries Plaintiffs can have in this case are mental or emotional injuries." (Dkt. No. 225, Pl. Obj. 3.) In their complaint Plaintiffs have requested "compensatory, punitive, and exemplary damages" and "such other and further relief as the court should deem just and equitable under the circumstances." (Compl. at 4d.) The majority of federal circuits agree that § 1997e(e) only bars claims for mental and emotional injury and does not bar a prisoner from seeking damages that do not involve mental or emotional injury. *See*, *e.g.*, *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (holding that prisoner was free to seek nominal damages, punitive damages, injunctive relief, and a declaratory judgment for his First Amendment claim); *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) ("Because Section 1997e(e) is a limitation on recovery of damages for mental and emotional injury in the absence of a showing of physical injury, it does not restrict a plaintiff's ability to recover compensatory damages for actual injury, nominal or punitive damages, or injunctive and declaratory relief."); *Allah v. Al-Hafeez* , 226 F.3d 247, 252 (3d Cir. 2000) (concluding that § 1997e(e) does not bar a prisoner's claims for nominal and punitive damages for the

violation of his First Amendment rights); *Meade v. Plummer*, 344 F. Supp. 2d 569, 573 (E.D. Mich. 2004) ("The plain language of [§ 1997e(e)] does not require dismissal of constitutional claims in which no physical injury is present, since nominal and punitive damages may be recovered in cases, such as this, where First Amendment violations are alleged."). *See also Williams v. Ollis,* Nos. 99-2168, 99-2234, 2000 WL 1434459, at *2 (6th Cir. Sept. 18, 2000) (noting that although most of the plaintiff's claims for money damages were precluded under 42 U.S.C. § 1997e(e), his First Amendment retaliation claim was not). This Court concludes that application of § 1997e(e) only precludes Plaintiffs from recovering compensatory damages for emotional or mental injuries allegedly suffered as a result of the purported First Amendment violation. *Geiger*, 404 F.3d at 375.

In *Meade* the court concluded that the prisoner could present his First Amendment claims to the jury and seek to recover "nominal, compensatory, and punitive damages, if appropriate, for all injuries except mental and emotional injuries." 344 F. Supp. 2d at 574. Because the Court is not aware of what evidence Plaintiffs will be presenting in support of their claim for damages, and because the Court does not know whether Plaintiffs will be able to show that they suffered compensable damages other than mental and emotional injuries, the Court will permit Plaintiffs to present proofs and argue for recovery of nominal, compensatory, and punitive damages, if appropriate, for all injuries except mental and emotional injuries. Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt. No. 223) is **APPROVED** and **ADOPTED AS MODIFIED** by this order.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (Dkt. No. 203) is **DENIED**.

Date:   February 27, 2008            /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE