UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD THOMPSON #311040 and
RONALD JORDAN #125764,

    Plaintiffs,

v.

PATRICIA CARUSO,

    Defendant.
_____/

File No.  2:04-CV-204

HON. ROBERT HOLMES BELL

**O P I N I O N**

A jury awarded Plaintiffs Richard Thompson and Ronald Jordan $1.00 each in compensatory damages and $2,500.00 each in punitive damages on their claim that Defendant Patricia Caruso, Director of the Michigan Department of Corrections, violated their constitutional rights by authorizing a policy that prisoner legal mail be opened outside the presence of the prisoners.  Defendant has filed a motion for a new trial or for remittitur. (Dkt. No. 269.)

Defendant contends that the evidence does not support an award of punitive damages because Plaintiffs presented no evidence that Defendant acted in bad faith in her decision-making process or that she acted with evil intent.

At issue in this case was Defendant's continuation of a prison policy directing that legal mail be opened outside the prisoners' presence after the Sixth Circuit's determination

in *Sallier v. Brooks*, 343 F.3d 868 (6th Cir. 2003), that legal mail must be opened in the presence of any prisoner who has made such a request. *Id.* at 874.

Defendant testified at trial that after *Sallier* was decided, she made a decision, based upon the advice of counsel, that *Sallier* was not controlling and that the policy of opening legal mail outside the presence of prisoners could continue. Defendant contends that reasonable minds could have differed over *Sallier*'s applicability in a post-September 11, 2001, world. She further contends that Plaintiffs failed to present any evidence to contradict Defendant's testimony or to show that Defendant acted in bad faith or with reckless or callous indifference to Plaintiffs' federally protected rights.

After a jury trial the court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). The Sixth Circuit has interpreted this Rule to "require a new trial only when a jury has reached a 'seriously erroneous result' as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias." *Holmes v. City of Massillon*, 78 F.3d 1041, 1045-46 (6th Cir. 1996) (*quoted in Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 405 (6th Cir. 2006)). "[A] jury's verdict should not be overturned as being against the weight of the evidence unless that verdict was unreasonable." *Id.* at 1047.

"[A] jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983).

In this case the jury was able to consider the ruling in *Sallier* and the jury was not required to credit Defendant's testimony. While the Court might disagree with the jury's punitive damage award, the Court cannot say that a reasonable juror could not have found punitive damages on the evidence presented. The punitive damage award was not unreasonable. Accordingly, Defendant's motion for new trial will be denied.

Defendant has made a request, in the alternative, for a remittitur on the punitive damages award. Defendant contends that the award of punitive damages in an amount 2500 times the amount of compensatory damages violates due process. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2004) (declining to impose a bright-line ratio, but noting that few awards exceeding a single-digit ratio between punitive and compensatory damages will satisfy due process); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 583 (1996) (noting that few awards exceeding a single-digit ratio between punitive and compensatory damages will satisfy due process).

The Supreme Court has instructed that in evaluating the constitutionality of a punitive damages award, courts should consider three guideposts:

> (1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases.

*State Farm*, 538 U.S. at 418 (citing *Gore*, 517 U.S. at 575). Both *Campbell* and *Gore* involved relatively large compensatory damages awards. As noted in *Gore,* a higher ratio between punitive and compensatory damages may be justified in cases in which the monetary value of noneconomic harm is difficult to determine. 517 U.S. at 582. *See also Romanski v. Detroit Entertainment, L.L.C.*, 428 F.3d 629, 645 (6th Cir. 2005) ("This Court and other courts have recognized that where 'injuries are without a ready monetary value,' such as invasions of constitutional rights unaccompanied by physical injury or other compensable harm, higher ratios between the compensatory or nominal award and the punitive award are to be expected.").

In the instant case the jury found that Plaintiffs' constitutional rights were violated, but the proofs did not support a finding that they suffered physical injury or any other compensable harm. The jury accordingly awarded Plaintiffs nominal damages of $1.00 each rather than compensatory damages. Plaintiffs presented evidence that the constitutional violations occurred on numerous occasions for over a year and a half, and that these violations were repeatedly brought to Defendant's attention. Under these circumstances the Court does not find that a punitive damages award of $2,500 for each Plaintiff was

unreasonable or excessive. Accordingly, the Court will deny Defendant's alternative request for remittitur.

An order consistent with this opinion will be entered.


Dated: <u>March 4, 2009</u>	<u>/s/ Robert Holmes Bell</u>
	ROBERT HOLMES BELL
	UNITED STATES DISTRICT JUDGE